UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| MANUEL RODRIGUEZ, *et al*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CAPITAL COMMERCIAL SOLUTIONS, LLC., )<br>*et al*. )<br>)<br>)<br>Defendants. ) | Case No. 1:17-cv-00112<br>TSE-JFA |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Through undersigned counsel, Manuel Rodriguez, Juan Rodas, Juan Flores Lopez, Bernardo Martinez, Jose Rivera, Pedro Orellana, Jose Benitez, Jaime Alarcon Aguilar, William Orellana, Marcos Flores, Carlos Molina, Vladimir Condori, Kenny Barriantos, Indira Barriantos, Hugo Bermudez, Sandra Bonilla, Cesar Duran, Hermes Marulanda, and Ruth Monje (together, the "Plaintiffs"), together with Defendant CCE Specialties, LLC ("CCE") (collectively with Plaintiffs, the "Parties"), respectfully move this Court for approval of the Settlement Agreement, which is attached as Exhibit A. In support of this Motion, the Parties state as follows:

This case concerns a claim of unpaid regular and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. In the Complaint, filed on January 26, 2017, and the Amended Complaint, filed on March 31, 2017, Plaintiffs allege that they were hired by and worked for Defendant Capital Commercial Solutions, LLC ("CCS"), which was

subcontracted by Defendant CCE on a construction project in Arlington, Virginia.[1]  They argue that Defendant CCE is liable to pay them wages and overtime that CCS failed to pay them, based upon an alleged "joint employer" relationship between CCS and CCE.  CCE denies any such relationship with CCS.

Plaintiffs made initial disclosures to Defendants, and answered interrogatories particularizing the damages claimed by each individual plaintiff.  Defendant CCE produced relevant records and documentation reflecting some of the hours worked by Plaintiffs and obtained documents from Defendant Capital Commercial Solutions, Inc. ("CCS"), reflecting other hours worked by Plaintiffs, as well as Defendant CCS's own records concerning amounts owed to some Plaintiffs in wages.  The Parties simultaneously commenced settlement negotiations.  Over the course of the negotiations, the Parties have exchanged numerous offers and counter-offers.  As a result of the Parties' settlement discussions, the Parties have entered into the attached Settlement Agreement.  Both Parties are represented by counsel, who have reviewed and approved the Settlement Agreement with their clients.  The Parties now seek approval of their settlement.

Claims arising from the FLSA can be settled when the settlement is supervised by the U.S. Department of Labor or by a court.  *Taylor v. Progress Energy, Inc.,* 415 F.3d 364, 374 (4th Cir. 2005).  Judicial authority to supervise the settlement of FLSA claims is implicit in the statute by virtue of the statutory grant of federal jurisdiction to hear and determine such claims.  *Id*.

A settlement agreement should be approved if it is "fair, adequate, and reasonable." *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 593 (E.D. Va. 2016).  In evaluating an

---

[1] "Defendants" as used herein refers not only to CCE but also to Capital Commercial Solutions, LLC ("CCS"), Ixel Morales ("Morales"), and Keren Torres ("Torres").  The Clerk entered notices of default against CCS, Morales, and Torres as to Plaintiffs' claims and CCE's cross-claims against them, and they are not parties to this Settlement Agreement.  As part of the Settlement Agreement, CCE will dismiss without prejudice its cross-claims against CCS, Morales, and Torres.  Plaintiffs are not dismissing their claims against CCS, Morales, or Torres, and intend to file a motion for default judgment to pursue any and all outstanding damages, including liquidated damages.

agreement settling claims under the FLSA, courts should consider (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery. *Id*. In evaluating a proposed agreement, courts should keep in mind the "'strong presumption in favor of finding a settlement fair.'" *Id.* (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sep. 28, 2009)). Furthermore, an FLSA settlement should be approved if it "reflects a reasonable compromise over issues actually in dispute." *Lomascolo*, 2009 WL 3094955, at *8.

Here, the Parties submit the Settlement Agreement for approval after extensive arm's length negotiations and is fair and reasonable for at least the following reasons:

1.  <u>Recovery by Plaintiffs</u>. The Settlement reflects a substantial percentage of the Plaintiffs' original claims for unpaid wages and overtime. The Settlement Agreement will pay Plaintiffs approximately 77% of the total amount of unpaid wages and overtime originally claimed by Plaintiffs in the Amended Complaint and their interrogatory responses.[2] The Parties exchanged discovery on the issue of unpaid wages, including timesheets and similar documents obtained from CCE and CCS. Defendant CCE contends that these documents do not support the amounts of Plaintiffs' original claims, and each side disputes the quantum of evidence supporting the other's position. Nevertheless, given the burden of proof and inherent risk of litigation, Plaintiffs believe the amounts to be paid under the Settlement Agreement reflect a fair settlement of their claims.

---

[2] Under the Settlement Agreement, each plaintiff will be awarded an amount proportionate to his or her claimed damages.

2. <u>Litigation Risk</u>.  This settlement is appropriate at this early stage in the case, particularly given the litigation risks Plaintiffs face in recovering from CCE, notably proving that CCE is liable for any of these damages as a joint employer of Plaintiffs.  To succeed against CCE, which avers that it did not directly employ any of the Plaintiffs, Plaintiffs will have to satisfy the multi-factor test to determine joint employer status announced by the Fourth Circuit in *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125 (4th Cir. 2017).  Plaintiffs recognize they face significant litigation in proving joint-employer status at summary judgment and/or at trial, and that even if Plaintiffs can show they were jointly employed by CCE, their claims can only be proven after a trial imposing costs out of proportion to the value of the employment claims, on the Parties, including the Plaintiffs themselves.

3. <u>Preservation of Right to Claim Liquidated Damages</u>.  The Settlement Agreement does not include liquidated damages because there is a good-faith dispute as to whether CCE is responsible for liquidated damages, and because Plaintiffs can pursue all outstanding damages, including liquidated damages, against Defendants CCS, Morales, and Torres.  Accordingly, the Parties believe that the terms of the Settlement Agreement are a fair and appropriate resolution of their good faith dispute.

4. <u>Attorneys' Fees</u>.  The Settlement Agreement also awards $35,400 in attorneys' fees and costs to Plaintiffs' counsel.  This amount is significantly less than the total of $61,000 paid by Defendants to Plaintiffs in this action under the Settlement Agreement.  This amount is also significantly less than what Plaintiffs' counsel would have sought in a fee petition had the Parties litigated this case to its completion.  The fees incurred to date by Plaintiffs' attorneys and key support staff are:

| Attorney | Organization | Rate[3] | Hours | Total |
|---|---|---|---|---|
| Kevin Metz | Latham | $550 | 65.5 | $36,025.00 |
| Brian Lichter | Latham | $425 | 89.6 | $38,080.00 |
| Christopher Ting | Latham | $325 | 17.8 | $5,785.00 |
| Norman Anderson | Latham | $325 | 111.1 | $36,107.50 |
| Gaston Soler | Latham | $325 | 175.0 | $56,875.00 |
| Ping Kan Kwan (Law Clerk) | Latham | $135 | 99.1 | $13,378.50 |
| Simon Sandoval-Moshenberg | LAJC | $425 | 25.8 | $10,965.00 |
| Nady Peralta | LAJC | $325 | 107.2 | $34,840.00 |
| Christine Dinan | WLC | $375 | 30.7 | $11,512.50 |
| Matthew Handley | WLC | $475 | 4.75 | $2,256.25 |
| Evelyn Nunez (Paralegal) | WLC | $135 | 24.4 | $3,294.00 |
|  |  | **TOTAL** | **751.0** | **$249,118.75** |

The total fees incurred as of June 26, 2017 were $249,118.75. The fees for Legal Aid Justice Center ("LAJC") as of that date were $45,805.00; the Washington Lawyers' Committee's ("WLC") fees as of that date were $17,062.75; the reasonable fees for Latham & Watkins LLP ("Latham") as of that date were $186,251.00. This settlement is enabled by these organizations accepting a fee award of $35,400, far less than the total fees incurred in prosecuting this case. Accordingly, there is no conflict of interest between Plaintiffs and their counsel with respect to the Settlement Agreement.

## **Conclusion**

The Parties request that this Court consider the settlement herein under the procedures and standards set. The Court will find after scrutinizing the settlement terms that the attached

---

[3] The rates provided in this table are the consistent with those approved in *Taylor v. Republic Servs., Inc.*, No. 1:12-CV-00523-GBL, 2014 WL 325169, at *6 (E.D. Va. Jan. 29, 2014).

Settlement Agreement reflects reasonable compromises of issues actually in dispute, is fair, and should be approved. The settlement was reached in an adversarial context in which Plaintiffs were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

The Parties will make themselves available for a hearing before the Court should the Court consider one necessary in order to resolve any issues pertaining to the requested approval.

WHEREFORE, the Parties request that this Court:

1. Grant this Joint Motion to Approve Settlement Agreement;

2. Approve the Settlement Agreement attached as Exhibit A as a fair and reasonable resolution of the Parties' bona fide dispute; and

3. Grant such other and further relief this Court deems just and proper.

| /s/ Nady Peralta | /s/ Thomas M. Brownell |
|---|---|

Nady Peralta (VSB No. 91630)   Thomas M. Brownell (VSB No. 18130)
Nady@justice4all.org   Holland & Knight LLP
Simon Sandoval-Moshenberg (VSB No. 77110)   1650 Tysons Blvd. #1700
Simon@justice4all.org   Tysons, VA 22120
LEGAL AID JUSTICE CENTER   Phone: (703) 720-8600
6066 Leesburg Pike #520   Fax: (703) 720-8610
Falls Church, Virginia 22041   *Counsel for Defendant*
Phone: (703) 720-5605   *CCE Specialties, LLC*
Fax: (703) 778-3454

Christine T. Dinan (VSB No. 84556)
Christine_dinan@washlaw.org
Matthew K. Handley (*pro hac vice* forthcoming)
Matthew_handley@washlaw.org
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 DuPont Cir., NW Suite 400
Washington, D.C. 20036
Phone: (202) 319-1000
Fax: (202) 319-1010

Kevin H. Metz (VSB No. 89861)
Kevin.metz@lw.com
Brian A. Lichter (*pro hac vice*)
Brian.lichter@lw.com
Norman Anderson (*pro hac vice*)
Norman.anderson@lw.com
Latham & Watkins LLP
555 Eleventh St., NW Suite 1000
Washington, D.C. 20004
Phone: (202) 637-2200
Fax: (202) 637-2201

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I, Nady Peralta, hereby certify that on June 30, 2017, I uploaded a copy of the foregoing to this court's CM/ECF system, which will cause a Notice of Electronic Filing (NEF) to be served on counsel of record for defendant CCE Specialties, LLC, as follows:

  Thomas M. Brownell, Esq.
  Kara Ariail, Esq.
  Holland & Knight LLP
  1650 Tysons Blvd, Suite 1700
  Tysons, VA 22102
  703-720-8600 -Telephone
  703-720-8610 -Fax
  Thomas.brownell@hklaw.com
  Kara.Ariail@bklaw.com
  *Counsel for defendant CCE Specialties, LLC*

  I, Nady Peralta, hereby certify that on June 30, 2017, a copy of the foregoing was mailed to Plaintiff Jhom Montano at his last known address:

  842 S. Frederick St.
  Arlington VA
  22204

Date: 06/30/2017      By: _____//s_____
             Nady Peralta (VSB No.: 91630)
             Legal Aid Justice Center
             6066 Leesburg Pike #520
             Falls Church, Virginia 22041
             (703) 720-5603 / Fax: (703) 778-3454
             nady@justice4all.org
             *Counsel for the Plaintiffs*