UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MANUEL RODRIGUEZ, *et al*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00112 |
| ) | TSE-JFA |
| CAPITAL COMMERCIAL SOLUTIONS, LLC., ) | |
| *et al.* ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE is made and entered into by and between CCE Specialties, LLC ("CCE" or "Defendant"), a Maryland limited liability company registered to do business in Virginia, with a registered agent in Glen Allen Virginia, and Manuel Rodriguez, Jaime Alarcon Aguilar, Indira Barriantos, Kenny Barriantos, Jose Benitez, Hugo Bermudez, Sandra Bonilla, Valdimir Condori, Cesar Flores Duran, Marcos Flores, Juan Flores Lopez, Bernardo Martinez, Hermes Marulanda, Carlos Molina, Ruth Monje, Pedro Orellana, William Orellana, Jose Rivera, and Juan Rodas (collectively "Plaintiffs") this 30th day of June, 2017, to be submitted to the Court for approval. CCE and Plaintiffs shall collectively be referred to herein as the "Parties."

### RECITALS

WHEREAS, Plaintiffs commenced the above-captioned action by filing a complaint against the named Defendants to this action, captioned as *Manuel Rodriguez et al. v. Capital Commercial Solutions LLC et al.*, Case No. 17-cv-00112 TSE-JFA, in the Alexandria Division of the U.S. District Court for the Eastern District of Virginia (the "Action");

WHEREAS, no other potential plaintiffs have joined in the Action;

WHEREAS, Plaintiffs contend each was jointly employed by CCE and CCE denies ever employing any Plaintiff;

WHEREAS, a dispute has arisen between the Parties concerning the proper compensation owed to Plaintiffs for services performed for the benefit of CCE; and

WHEREAS, without admitting any of the allegations made in the Action, or admitting fault or conceding liability in any way whatsoever, Defendant desires to avoid the time, expense, uncertainties and inconvenience of litigation; and

WHEREAS, the Parties have mutually agreed to resolve and settle all disputes and claims by Plaintiffs against Defendant CCE and CCE's cross-claims against defendants to the Action, Capital Commercial Solutions, LLC ("CCS"), Ixel Morales, and Keren Torres, but this Settlement Agreement does not resolve Plaintiffs' claims against any other defendant to the Action;

WHEREAS, in consideration of the covenants and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.  <u>Payment Terms</u>:  Defendants shall pay to Plaintiffs the Settlement Amount of Ninety Two Thousand Eight Hundred and Fifty Five Dollars and Eighty Three Cents ($92,855.83) pursuant to the following schedule:

   a.  Within seven business days following the latter of: (1) the Court's approval of the Stipulation of Dismissal of the Action and entry of an Order of Dismissal in accordance therewith; (2) the expiration of the revocation period specified in paragraph 8 as applicable to any one Plaintiff; and/or (3) delivery by each Plaintiff of a completed IRS Form W-4, Defendant shall pay Plaintiffs a total of Fifty Seven Thousand Four Hundred Fifty Five Dollars and Eighty Three Cents ($57,455.83), less lawful tax deductions and withholdings as indicated herein.  All checks shall be delivered to Latham & Watkins LLP.  The checks should be made out to Plaintiffs as follows:

| Plaintiff to Whom Check is Made Out | Settlement Amounts* *less and except lawful tax withholdings to be determined upon the Plaintiff's provision to Defendant of a completed IRS Form W-4.* |
|---|---|
| Jamie Alarcon Aguilar | $1,650.44* |
| Indira Barriantos, aka Marisol Ramirez | $4,067.03* |
| Kenny Barriantos | $2,461.38* |
| Jose Benitez | $2,461.38* |
| Hugo Bermudez | $2,019.61* |
| Sandra Bonilla | $4,299.49* |
| Vladimir Condori | $3,936.51* |
| Cesar Flores Duran | $3,203.58* |
| Marcos Flores | $2,026.56* |
| Juan Flores Lopez | $4,270.15* |
| Bernardo Martinez | $1,716.86* |

| | |
|---|---|
| Hermes Marulanda | $2,851.40* |
| Carlos Molina | $2,774.94* |
| Ruth Monje | $4,518.83* |
| Pedro Orellana | $2,262.89* |
| William Orellana | $2,789.61* |
| Jose Rivera | $2,598.08* |
| Juan Rodas | $5,217.01* |
| Manuel Rodriguez | $2,844.45* |
| TOTAL | $57,455.83 |

The submission by each Plaintiff to Defendant of a properly completed IRS Form W-4, shall be a condition precedent to that Plaintiff's receipt of a check for his or her portion of the Settlement Amount, provided however, that nothing in this Agreement, nor this paragraph 1(a), nor as a result of Defendant's processing of the payments specified in this paragraph 1(a) constitutes an admission by Defendant that any Plaintiff to this Action is, or has been at any prior time, an employee or joint-employee of Defendant. Defendant shall process checks for payments to Plaintiffs as and when a Form W-4 is presented to it and shall retain for later payment amounts due with respect to Plaintiffs not yet presenting Forms W-4, provided however, that Defendant shall have no obligation to process checks more than once in each 30-day period. Amounts not claimed by any Plaintiff after 365 days shall revert to Defendant.

b. At the time it delivers the first checks in payment of the Settlement Amount to Plaintiffs, Defendant shall pay Thirty Five Thousand Four Hundred Dollars ($35,400) for attorneys' fees and costs. Defendant shall make this payment to Latham & Watkins LLP for distribution among the Plaintiffs' Counsel per separate agreement. Defendant shall issue a IRS form 1099 to Latham & Watkins LLP for this payment.

c. Plaintiffs agree that the amounts recited in paragraphs 1(a) and 1(b) above shall serve as the sole monetary consideration for this Agreement, the sufficiency of which is acknowledged by the parties hereto. Plaintiffs agree that the amounts recited in paragraph 1(a) above are fair and reasonable compromises of amounts they may be owed for any work performed by them for the benefit of Defendant CCE and that Plaintiffs will pursue no claims for payment of wages, liquidated damages and any additional attorneys' fees and costs against Defendant CCE. Nothing in this paragraph shall preclude Plaintiffs for pursuing claims for additional wages, overtime, liquidated damages or attorneys' fees from Defendants CCS, Ixel Morales, and Keren Torres.

d. Each Plaintiff understands and agrees that he or she would not receive the monies specified in this paragraph 1, except for: 1) each Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein, 2) the Plaintiffs' dismissal with prejudice of CCE as a defendant from the Action. Notwithstanding the terms set forth in this paragraph 1, each Plaintiff understands and agrees

Defendant shall not deliver any payment specified in paragraph 1 unless and until a valid court order dismissing CCE as a defendant in the Action is entered.

2.   <u>Dismissal of the Claims Against Defendant CCE</u>:  Within two business days of the Court's approval of this Settlement Agreement, Plaintiffs, by their attorneys, shall file a stipulation with the Alexandria Division of the U.S. District Court for the Eastern District of Virginia dismissing with prejudice Plaintiffs' claims against Defendant CCE.  The Parties shall perform any and all other acts necessary to accomplish dismissal of the claims against CCE.

3.   <u>Dismissal of Cross-Claims Against CCS, Ixel Morales, and Keren Torres</u>:  Within two business days of the Court's approval of this Settlement Agreement, Defendant CCE, by its attorneys, shall file a stipulation with the Alexandria Division of the U.S. District Court for the Eastern District of Virginia dismissing, without prejudice, its cross-claims against Defendants Capital Commercial Solutions, LLC, Ixel Morales, and Keren Torres.

4.   <u>Plaintiffs' Claims Against CCS, Ixel Morales, and Keren Torres</u>:  Plaintiffs do not intend to dismiss and are not dismissing their claims against CCS, Ixel Morales, and Keren Torres.

5.   <u>Release</u>:

a.   <u>Release Given by Each Plaintiff</u>.  Except to the extent expressly excluded by this Agreement, each Plaintiff knowingly and voluntarily releases and forever discharges CCE Specialties, LLC, its affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which each Plaintiff has or may have against Releasees up to and including the date of execution of this Release, that arise out of or in connection with any fact or allegation raised in the complaints filed in this Action, and including, but not limited to, any alleged violation of:

b.   All federal laws including: *Title VII of the Civil Rights Act of 1964*; *The Civil Rights Act of 1991*; Sections 1981 through 1988 of Title 42 of the United States Code; *The Employee Retirement Income Security Act of 1974* ("ERISA")(except for any vested benefits under any tax qualified benefit plan);*The Immigration Reform and Control Act*; *The Americans with Disabilities Act of 1990,* as amended; *The Age Discrimination in Employment Act of 1967* ("ADEA"); *The Workers Adjustment and Retraining Notification Act; The Fair Credit Reporting Act; The Family and Medical Leave Act; The Occupational Safety and Health Act; The Sarbanes-Oxley Act of 2002*;

c.   All Virginia laws including: *The Virginia Human Rights Act* – Va. Code § 2.2-3900 et seq., *any* regulations thereunder, and any human rights law of any Virginia county or municipality; Virginia Statutory Provisions Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Va. Code § 65.2-308(A) and (B); *The Virginia Equal Pay Act* – Va. Code § 40.1-28.6; *The Virginians With Disabilities Act* – Va. Code § 51.5-1 et seq.; *Virginia AIDS Testing Law* – Va. Code Ann.

§32.1-36.1; *Virginia Wage Payment and Hour Laws* – Va. Code § 40.1-28.8 et seq.; *Virginia Occupational Safety and Health* (VOSH) Law – Va. Code § 401-49.3 et seq.; Virginia Code § 8.01-40 regarding unauthorized use of name or picture of any person; Virginia Code § 40.1-27 regarding preventing employment by others of former employee; Virginia Code § 40.1-28.7:2 regarding protection of crime victims' employment; Virginia Code § 18.2-465.1 regarding protection of court witnesses' and jurors' employment;

     d.     any other federal, state or local law, rule, regulation, or ordinance;

     e.     any public policy, contract, tort, or common law; or

     f.     any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

Each Plaintiff affirms and agrees he or she is not waiving any rights he or she may have to pursue claims which by law cannot be waived by signing this Agreement or to enforce and/or challenge the validity of this Agreement. Nothing in this Agreement prohibits or prevents any Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, each Plaintiff agrees that if such an administrative claim is made, he or she shall not be entitled to recover any individual monetary relief or other individual remedies.

     g.     <u>Release Given by CCE</u>. CCE, a Maryland limited liability company registered to do business in Virginia, with a registered agent in Glen Allen Virginia, on behalf of itself and any of its employees, agents, affiliates, officers, directors, stockholders, consultants, servants, representatives, trustees, heirs, successors and assigns, hereby fully and forever release, acquit and discharge Plaintiffs of and from any and all contracts, agreements, promises, covenants, actions, causes of actions, suits, proceedings, claims, counterclaims, debts, obligations, duties, demands, damages, liabilities, losses, costs and expenses, of each and every kind, nature and description whatsoever, whether at law or in equity, known or unknown, foreseen or unforeseen, which CCE ever had, now has, or hereinafter may have against any of the Plaintiffs that arise out of or in connection with any fact or allegation raised in the complaints filed in this Action.

6.     <u>Entire Agreement</u>: This Agreement constitutes the entire agreement of the Parties hereto with respect to the subject matter hereof, and may not be modified or amended except by a subsequent writing signed by the Parties hereto.

7.     <u>Representations and Warranties of Capacity to Execute Agreement</u>: The Parties each represent and warrant that no other person or entity has or has had any legal interest in the claims, demands, obligations, or causes of action which are the subject of this Agreement, and that they have not sold, transferred, assigned, conveyed, or otherwise disposed of any such interest. Each signatory hereto represents that he has the right and authority to execute this Agreement and/or to receive the sums specified herein.

8.     <u>Consideration and Revocation Period Under the ADEA</u>. Each Plaintiff who is age forty or older may revoke the portion of this Agreement that waives all claims under the Age

Discrimination in Employment Act ("ADEA") for a period of seven (7) calendar days following the day said Plaintiff signs the Agreement. Each Plaintiff who is age forty or older has been advised that said Plaintiff has up to twenty-one (21) calendar days to consider this Agreement. By executing this Agreement, each said Plaintiff confirms that he or she was advised to consult with legal counsel before signing this Agreement and that he or she read each word of this Agreement and understands all its provisions.

9. <u>Miscellaneous</u>:

     a.    <u>Counterparts</u>: This Agreement may be executed in any number of separate counterparts, each of which counterparts, when so executed and delivered (including by electronic transmission) shall be deemed an original, and all of which counterparts, taken together, shall constitute one and the same binding Agreement. This agreement was entered into in the city of Alexandria, Virginia, and its place of performance shall be deemed to be the city of Alexandria, Virginia.

     b.    <u>Attorneys' Fees</u>: The parties agree that any dispute arising out of this Agreement which motivates a party to initiate a legal action to enforce the Agreement shall entitle the prevailing party in such action or proceeding to recover its reasonable attorneys' fees and costs incurred related thereto.

     c.    <u>Representation of Comprehension of Document</u>: In entering into this Settlement Agreement and Mutual Release, Plaintiffs represent and warrant that they have relied upon the legal advice of attorneys employed by the Legal Aid Justice Center, Washington Lawyers' Committee for Civil Rights and Urban Affairs, and Latham & Watkins LLP who are attorneys of Plaintiffs' own choosing, and that their attorneys have read the terms of this Settlement Agreement and Release and have completely explained the terms herein to Plaintiffs, and that Plaintiffs fully understand and voluntarily accept those terms.

     d.    <u>Interpretation</u>: This Settlement Agreement and Mutual Release was negotiated at arm's length with each party having ample opportunity to receive advice from independent legal counsel. Only those rules of interpretation or construction of contracts in general shall apply. Each of the parties hereto participated in negotiating and drafting this Settlement Agreement and Mutual Release, and it is the intent of the parties that no one party shall be deemed to be the drafter of the Settlement Agreement and Mutual Release, or any of its provisions.

     e.    <u>Choice of Law</u>: This Settlement Agreement and Mutual Release shall be construed and interpreted in accordance with the laws of the Commonwealth of Virginia.

     f.    <u>Severability</u>: If any provisions of this Agreement are held invalid by a court of competent jurisdiction, such provisions shall be fully severable and such invalidity shall not affect the validity of any other provisions herein.

     g.    <u>Non-admission of Wrongdoing</u>. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or

construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

h. <u>Court Rejection of Settlement.</u>  The Parties agree that if the Court rejects or otherwise does not approve this Settlement Agreement, it shall become null and void and the Parties will not be bound by any promises or agreements contained herein.  In the event the Agreement does not become final, the Parties shall revert to their legal positions immediately prior to the Settlement being executed.

*[Signatures continue on succeeding pages.]*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.

_____            _____

Date                        Jaime Alarcon Aguilar, in his individual capacity

Commonwealth of Virginia        )
                                     )
County/City of _____ )

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Jaime Alarcon Aguilar, this \_\_\_\_ day of July, 2017

_____

Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.

_____
Date

_____
Indira Noemi Barriantos Rosales, in her individual capacity

Commonwealth of Virginia      )
                               )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Indira Noemi Barriantos Rosales, this ____ day of July, 2017

_____
Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____
Date

_____
Osvaldo Keny Soto Barriantos, in his individual capacity

Commonwealth of Virginia       )
                                     )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Osvaldo Keny Soto Barriantos, this _____ day of July, 2017


_____
Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____          _____

Date                              Jose Desiderio Benitez Fuentes, in his individual capacity


Commonwealth of Virginia            )
                                    )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Jose Desiderio Benitez Fuentes, this \_\_\_\_ day of July, 2017


_____

Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____              _____
Date                             Hugo Eduardo Bermudez Aviles, in his individual
                                 capacity

Commonwealth of Virginia          )
                                  )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Hugo Eduardo Bermudez Aviles, this \_\_\_\_ day of July, 2017


_____
Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____                    _____
Date                              Sandra Bonilla Magaena, in her individual capacity

Commonwealth of Virginia          )
                                  )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Sandra Bonilla Magaena, this _____ day of July, 2017


                                  _____
                                  Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____
Date                                                    Vladimir Condori, in his individual capacity

Commonwealth of Virginia              )
                                                      )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Vladimir Condori, this \_\_\_\_ day of July, 2017


_____
Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____                    _____
Date                               Cesar Filemon Flores Duran, in his individual
                                   capacity

Commonwealth of Virginia                    )
                                            )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Cesar Filemon Flores Duran, this _____ day of July, 2017


                          _____
                          Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____
Date

_____
Marcos Antonio Flores Lopez, in his individual capacity

Commonwealth of Virginia                    )
                                            )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Marcos Antonio Flores Lopez, this _____ day of July, 2017


_____
Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____             _____
Date                                  Juan Gabriel Flores Lopez, in his individual capacity

Commonwealth of Virginia        )
                                     )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Juan Gabriel Flores Lopez, this \_\_\_\_ day of July, 2017


_____
Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____                    _____
Date                               Bernardo Alfredo Martinez Lopez, in his individual
                                   capacity

Commonwealth of Virginia                    )
                                            )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Bernardo Alfredo Martinez Lopez, this _____ day of July, 2017


                                   _____
                                   Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____

Date

_____

Hermes Marulanda Idarraga, in his individual capacity

Commonwealth of Virginia      )

          )

County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Hermes Marulanda Idarraga, this ____ day of July, 2017


_____

Notary Public

My Commission Expires: _____

My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.

_____          _____
Date                            Carlos Molina, in his individual capacity

Commonwealth of Virginia          )
                                  )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Carlos Molina, this \_\_\_\_ day of July, 2017

_____
Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____            _____
Date                      Ruth Marisol Monje Calderon, in her individual
                          capacity

Commonwealth of Virginia            )
                                    )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Ruth Marisol Monje Calderon, this _____ day of July, 2017


                          _____
                          Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.

_____                     _____
Date                                          Pedro Isabel Orellana Carranza, in his individual
                                             capacity

Commonwealth of Virginia               )
                                       )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Pedro Isabel Orellana Carranza, this \_\_\_\_ day of July, 2017

_____
Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____           _____

Date                                              William Noe Orellana Flores, in his individual
                                                     capacity

Commonwealth of Virginia                    )
                                                              )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by William Noe Orellana Flores, this \_\_\_\_ day of July, 2017


_____

Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____                 _____

Date                                   Jose Ismael Rivera Reyes, in his individual capacity

Commonwealth of Virginia          )
                                       )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Jose Ismael Rivera Reyes, this \_\_\_\_ day of July, 2017


_____

Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____                    _____
Date                                        Juan Ernesto Rodas Flores, in his individual
                                               capacity

Commonwealth of Virginia                    )
                                                              )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Juan Ernesto Rodas Flores, this _____ day of July, 2017


_____
Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.


_____
Date

_____
Manuel Antonio Rodriguez Hernandez, in his individual capacity

Commonwealth of Virginia )
                         )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by Manuel Antonio Rodriguez Hernandez, this _____ day of July, 2017


_____
Notary Public

My Commission Expires: _____
My Notary Registration No. _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Effective Date set forth above.

CCE Specialties, LLC

_____        By:     _____
Date

Commonwealth of Virginia          )
                                    )
County/City of _____)

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public in and for the aforesaid jurisdiction by_____, this \_\_\_\_ day of July, 2017

_____/s/ Christine T. Dinan_____

Christine T. Dinan (VSB No. 84556)
Christine_dinan@washlaw.org
Washington Lawyers' Committee for
Civil Rights and Urban Affairs
11 DuPont Cir., NW, Suite 400
Phone: (202) 319-1000
Fax: (202) 319-1010
Washington, D.C. 20036

Simon Sandoval-Moshenberg (VSB No. 77110)
Simon@justice4all.org
Nady Peralta (VSB No. 91630)
Nady@justice4all.org
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike #520
Falls Church, Virginia 22041
Phone: (703) 720-5605
Fax: (703) 778-3454

Kevin H. Metz (VSB No. 89861)
Kevin.metz@lw.com
Brian A. Lichter (admitted *pro hac vice*)
Brian.lichter@lw.com
Norman Anderson (admitted *pro hac vice*)
Norman.anderson@lw.com

Latham & Watkins LLP
555 Eleventh St., NW Suite 1000
Washington, D.C. 20004
Phone: (202) 637-2200
Fax: (202) 637-2201

*Counsel for Plaintiffs*

_____/s/ Thomas M. Brownell_____

Thomas M. Brownell (VSB No. 18130)
Holland & Knight LLP
1650 Tysons Blvd.
Suite 1700
Tysons, VA 22120
Phone: (703) 720-8600
Fax: (703) 720-8610

*Counsel for Defendant*
*CCE Specialties, LLC*