# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| MANUEL RODRIGUEZ, et al., ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:17cv112 |
| ) | |
| CAPITAL COMMERICAL ) | |
| SOLUTIONS, LLC, et al., ) | |
|    Defendants. ) | |

## ORDER

Plaintiffs are eighteen (18) construction workers, each of whom sued their former employers and/or supervisors, Capital Commercial Solutions, LLC ("CCS"), CCE Specialties, LLC ("CCE"), Ixel R. Morales ("Morales"), and Keren Torres ("Torres"), for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), breach of contract and conversion. (Pls.' Am. Compl.) (Doc. 7.) Plaintiffs settled their claims with defendant CCE, who appeared in this matter and agreed to pay all of the plaintiffs' alleged, "actual" damages. *See* Order Approving Settlement, July 17, 2017 (Doc. 42). Plaintiffs now seek liquidated damages under the FLSA against the defaulting defendants CCS, Morales and Torres.

Plaintiff's motion for default judgment (Doc. 43), which seeks $44,749.74 in liquidated, FLSA damages, was referred to Magistrate Judge Anderson for a hearing and entry of a Report and Recommendation ("Report"). Judge Anderson filed his Report on August 11, 2017, recommending that the plaintiffs be awarded $39,096.25 in liquidated damages – $5,653.49 less than the plaintiffs requested. (Doc. 48.) Eight of the plaintiffs

objected to Judge Anderson's Report, claiming that he improperly calculated a portion of their overtime wages. (Doc. 49.) Their objection is now before the Court.

Distilled to its essence, plaintiffs argue that Judge Anderson erred by using the minimum wage as opposed to their contracted rates of pay when calculating their overtime wages for the weeks they were paid nothing by their employers. For the reasons set forth below, plaintiffs are correct and their objection must be sustained.

The FLSA "generally requires employers to compensate employees at the overtime rate for all work performed over 40 hours per week."[1] *Roy v. Cty. of Lexington*, 141 F.3d 533, 538 (4th Cir. 1998); *see also Flood v. New Hanover Cty.*, 125 F.3d 249, 251 (4th Cir. 1997) ("As a general rule, the FLSA provides that an employer may not employ an employee for a workweek longer than forty hours unless it pays its employee one and one-half times the employee's 'regular rate' for all hours in excess of forty."). Employees are due overtime compensation "regardless of whether they work on an hourly, 29 C.F.R. § 778.110, piece-rate, 29 C.F.R. § 778.111, day or job rate, 29 C.F.R. § 778.112, salary, 29 C.F.R. § 778.113, commission, 29 C.F.R. §§ 778.117 to 778.120, or other basis." *Regan v. City of Charleston, S.C.*, 131 F. Supp. 3d 541, 546 (D.S.C. 2015). An employee's "regular rate of pay" is the basis for calculating his overtime rate.

---

[1] 29 U.S.C. § 207 provides that:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times *the regular rate* at which he is employed.

2

The Department of Labor's regulations, quoting the Supreme Court's decision in *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424–25 (1945), have the following to say about the regular rate of pay: "Once the parties have decided upon the amount of wages and the mode of payment the determination of the regular rate becomes a matter of mathematical computation." 29 CFR §778.108. Thus, when the parties have contractually agreed to an hourly rate, as opposed to a weekly, monthly or annual rate, that hourly rate is the regular rate of pay. *See* 29 CFR 778.110 ("If the employee is employed solely on the basis of a single hourly rate, the hourly rate is the 'regular rate.'");[2] *see also Hunter v. Sprint Corp.*, 453 F. Supp. 2d 44, 57 (D.D.C. 2006) ("[T]he regular rate for an hourly rate contract is the hourly rate specified by the contract."). Here, plaintiffs contracted with their employers to be paid a certain amount per hour. During some weeks, plaintiffs were paid the agreed-upon-rate; during others they were paid nothing.[3] No one contends that Judge Anderson erred in calculating overtime for the weeks plaintiffs were paid the hourly rate as specified in their oral contract(s); but plaintiffs believe Judge Anderson erred by using the minimum wage ($7.25) instead of

---

[2] 29 CFR 778.110(a) provides the following example for how hourly rate employees should be compensated for overtime:

> For overtime hours of work the employee must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the week. Thus a $12 hourly rate will bring, for an employee who works 46 hours, a total weekly wage of $588 (46 hours at $12 plus 6 at $6). In other words, the employee is entitled to be paid an amount equal to $12 an hour for 40 hours and $18 an hour for the 6 hours of overtime, or a total of $588.

[3] Defendant CCS has also defaulted as to plaintiffs' breach of contract claim.

3

the contracted hourly rate in calculating their regular rate of pay for the weeks they were paid nothing. They are right.

The FLSA establishes a statutorily mandated floor, below which an employer's conduct cannot fall. But the FLSA does not preclude the parties from bargaining for hourly wages above the minimum wage. Here, the employees negotiated their hourly rate and were, in fact, paid their contracted wage for several weeks. Their employers cannot unilaterally reset the plaintiffs' regular rate of pay from the contracted hourly rate to the federally-mandated minimum wage by simply refusing to pay them. To hold otherwise would deprive the plaintiffs of the benefit of their bargain and reward employers for violating the FLSA. The FLSA does not contemplate such a perverse result; and therefore, the established, contracted hourly rate should have been used instead of the minimum wage in calculating the plaintiffs' overtime for the weeks they were not paid by their employers.[4]

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiffs' objection (Doc. 49) to the Magistrate Judge's Report is **SUSTAINED**.

---

[4] *See, e.g., Brown v. FLHP-MS, LLC*, No. 609CV490ORL28KRS, 2010 WL 11507088, at *4 (M.D. Fla. July 6, 2010) ("The question presented is whether, under the present circumstances, Brown's regular hourly rate is the promised hourly rate, even though it was not paid to Brown after the first two weeks of her employment, or the minimum wage, which is the actual rate that would be paid in the absence of a breach of contract claim. . . . I recommend that the Court compute the overtime compensation due as one and one-half the promised hourly rates." report and recommendation adopted, No. 609CV490ORL28KRS, 2010 WL 11507172 (M.D. Fla. July 30, 2010)); *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 683 (M.D. Fla. 2008) ("Under the FLSA, Judy Wallace's overtime rate is based on her regular rate of pay regardless of whether she can only recover the minimum wage for her non-overtime work." citing *Mumbower v. Callicott*, 526 F.2d 1183, 1187 (8th Cir. 1975)).

It is hereby **ORDERED** that the factual findings of the Report (Doc. 48) are **ADOPTED**, and the legal conclusions are **ADOPTED IN PART** as modified by this Order.

It is further **ORDERED** that final judgment will be entered against CCS, Morales, and Torres in the amount of $44,749.74.

It is further **ORDERED** that within fourteen (14) days of the date of this Order, plaintiffs' counsel may file a motion requesting additional attorneys' fees and costs for their efforts in obtaining default judgment against defendants CCS, Morales and Torres.

The Clerk is directed to provide a copy of this Order to all counsel of record, and to place this matter among the ended causes.

Alexandria, Virginia
September 7, 2017

/s/
T. S. Ellis, III
United States District Judge