IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MANUEL RODRIGUEZ *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> CAPITAL COMMERCIAL SOLUTIONS, LLC *et al.*, <br><br> *Defendants* | Case No.: 1:17-cv-112-TSE-JFA |

**Memorandum In Support of Motion for Attorney's Fees**

On September 7, the Court entered default judgment for the Plaintiffs. In an accompanying Order, the Court gave Plaintiffs' counsel 14 days to file a motion for additional fees and costs in obtaining default judgment. For the reasons below, and as set out in the accompanying declarations, Plaintiffs' attorneys Simon Sandoval-Moshenberg and Nicholas Marritz of the Legal Aid Justice Center hereby request attorneys' fees of $3,272.50 under the Fair Labor Standards Act, and ask that the judgment be amended to include this amount under Rule 59(e). Plaintiffs do not seek an award of costs, and do not seek attorney's fees for their co-counsel at the Washington Lawyers Committee or the firm of Latham & Watkins.

**Background**

Plaintiffs are 18 construction workers who sued their employers—a general contractor, a subcontractor, and the subcontractors' principals—alleging violations of the Fair Labor Standards Act and several Virginia state laws. (*See* Amended Complaint, ECF No. 7). After

settling their claims against the general contractor (*see* ECF Nos. 42 and 46), Plaintiffs moved for default judgment against the remaining Defendants. (ECF No. 43). The motion was assigned to Magistrate Judge Anderson, who issued a Report setting out his proposed findings of fact and conclusions of law. (ECF No. 48). The Report recommended that the Plaintiffs be awarded $39,096.25 in damages—$5,653.49 less than they had requested. (ECF No. 48) Eight Plaintiffs objected to the Report, arguing that it used the wrong legal standard in calculating Plaintiffs' overtime damages under the FLSA. (ECF No. 49). The district judge agreed and entered default judgment for all 18 Plaintiffs in the full amount they had sought. (ECF No. 51). The district judge then gave Plaintiffs' counsel 14 days—i.e., until September 21, 2017—to request additional attorney's fees and costs for their work in obtaining the default judgment. (*See id.*).

## Argument

Under the FLSA, if a plaintiff's wage claim is successful, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). For the reasons below, Plaintiffs' proposed attorney's fee award of $3,272.50 is reasonable.

### A. An attorney's fee petition must be based on a reasonable number of hours multiplied by a reasonable hourly rate.

"The payment of attorney's fees to employees prevailing in FLSA cases is mandatory." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). The amount of the fee award, however, is within the sound discretion of the trial court. *Id*. In *Hensley v. Eckerhart*, the Supreme Court provided the framework for deciding the merits of fee petitions: "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983). This "lodestar" calculation "provides an objective basis on which to make an initial estimate of the value of a

2

lawyer's services." *Id.* Plaintiffs bear the burden of showing that the hours for which they seek compensation are adequately documented and reasonably expended; the district court may reduce the award for inadequate documentation of hours or for hours not "reasonably expended" due to overstaffing or inexperience. *Hensley*, 461 U.S. at 437. As in private practice, "[h]ours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (emphasis omitted).

Here, Plaintiffs seek compensation solely for attorney time expended by two attorneys with the Legal Aid Justice Center, a not-for-profit law firm that serves its clients *pro bono*. That Plaintiff's counsel are not-for-profit practitioners is of no moment; as Judge Brinkema has noted, the "reasonableness of the time expended must…be judged by standards of the private bar." *Alford v. Martin & Gass, Inc.*, No. 1:08-cv-595 LMB-TRJ, 2009 WL 2447936, at *5 (E.D. Va. Aug. 3, 2009), quoting *DiFilippo v. Morizio*, 759 F.2d 231, 235 (2d Cir. 1985). This is because the fee award is meant to reflect the "the value of the work product to the client in light of the standards of the private bar." *DiFilippo*, 795 F.2d at 236. The other element of the lodestar calculation (in addition to time reasonably expended) is the reasonableness of plaintiff's attorney's hourly rates. In *Blum v. Stenson*, 465 U.S. 886, 895 (1984), the Supreme Court held that fees under 42 U.S.C. § 1988 were to be "calculated according to the prevailing market rates in the relevant community." "When the applicant for a fee that carried [his] burden of showing that the claimed rate and number of hours were reasonable, the resulting product is presumed to be the reasonable fee" to which counsel is entitled. *Blum*, 465 U.S. at 897; *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (there is a "strong presumption" that the lodestar represents the reasonable fee).

In this circuit, a court requested to award fees determines the requesting party's

3

"lodestar figure," *i.e.*, the reasonable hourly rate times the number of hours reasonably expended, in light of the twelve factors set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978). Those factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

The Court need not address all twelve *Kimbrell's* factors independently because such considerations are usually subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.

*Wells Fargo Bank, N.A. v. Walls*, No. 1:12-cv-664, 2013 U.S. Dist. LEXIS 57415, *5-7 (E.D. Va. Mar. 4, 2013) (citations, quotations, brackets and footnote omitted).

**B. Plaintiffs' attorney's-fee petition is fair and reasonable.**

    **1. Plaintiffs' attorneys have made good-faith and reasonable estimates of the time reasonably spent on this matter.**

In computing the reasonable hours expended, the fee applicant should reference contemporaneous time and expense records. *See Webb v. Bd. of Educ.*, 471 U.S. 234, 238 n.6 (1985). Counsel for the prevailing party should make a good-faith effort to exclude hours from the fee petition that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice must do. *See Hensley*, 461 U.S. at 434. An appraisal that time spent was "not reasonably necessary" to the litigation "turns on so many subjective factors that it seldom should be the basis for reduction of an attorney's fee." *Jacquette v. Black Hawk County*, 710 F.2d 455, 460-62 (8th Cir. 1983). Accordingly, courts should seek to avoid micromanaging disagreements, intransigence, and unreasonable negotiating positions in construing fee petitions and accord some deference to counsel's judgment on the amount of time that they considered necessary to

4

prepare and pursue the case. *See Commonwealth of Puerto Rico v. Heckler*, 745 F.2d 709, 714 (D.C. Cir. 1984).

Here, Plaintiffs' counsel recorded billing entries contemporaneously, and their billing statements identify the amount of time expended, the tasks performed, and the costs incurred. *See* Ex. A, Sandoval-Moshenberg Decl. ¶¶8–9; Ex. B, Marritz Decl. at ¶¶8–9. The time and expense billing entries for this case are included in Plaintiff's counsel's accompanying Declarations. *See* Sandoval-Moshenberg Decl. at ¶9 and Marritz Decl. at ¶9. Counsel have reduced or eliminated many time entries that were excessive, unnecessary, or that otherwise warranted adjustment in the exercise of billing discretion. Sandoval-Moshenberg Decl. at ¶8; Marritz Decl. at ¶12. In short, the fees now sought are only those that counsel believe to be fair and reasonably necessary to the litigation, after making a good-faith evaluation of all recorded hours of work performed in relation to Plaintiffs' case.

Accordingly, the total amount of reasonable billable hours that Plaintiffs' attorneys expended in obtaining the default judgment is as follows:

- **Nicholas Marritz: 6 hours**
- **Simon Sandoval-Moshenberg: 2.9 hours**

### 2. The other *Kimbrell's* factors support Plaintiffs' requested fee award.

While the legal issue raised by the Magistrate Judge's Report was not entirely novel, it has been infrequently litigated and, to the best of Plaintiffs' knowledge, had not been squarely addressed previously by this Court or by any federal court of appeals. Accordingly, resolving the issue required skill and familiarity with the FLSA.

LAJC is one of the premier groups providing representation to poor people in Virginia. Mr. Sandoval-Moshenberg is the Director of the organization's Immigrant Advocacy Project. Sandoval-Moshenberg Decl. at ¶2. Both he and Mr. Marritz have substantial wage-and-hour

5

litigation experience. *See* Sandoval-Moshenberg Decl. at ¶4; Marritz Decl. at ¶¶5–6. Both are fluent in English and Spanish *See* Sandoval-Moshenberg Decl. at ¶3; Marritz Decl. at ¶4. Skill is a heavily weighted factor in the federal courts' lodestar analysis "because experience and reputation are a mirror image of skill." *Peacock v. Bank of Am. Corp.*, 133 F. Supp. 2d 1322, 1327 (M.D. Fla. 2000). "Skill is evidenced by an attorney's initial case assessment, continuing negotiation and settlement attempts, persuasiveness, and other fundamental aspects of organization and efficiency." *Id.* "The underpinning for these facets of legal skill is knowledge, knowledge of trial practice and knowledge of substantive law." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). Properly calculating the damages owed to Plaintiff—and successfully objecting to the magistrate judge's conclusions of law in his Report—required close familiarity with the FLSA and its application.

Counsel have also incurred opportunity costs in pursing this litigation. An award of attorney's fees is thus appropriate because, although the Legal Aid Justice Center is a non-profit organization, the time it spent on this case was time that it could not spend representing other low-income workers with unmet legal needs. In addition, if this case had been unsuccessful, counsel would have received no fees from the client—as a free legal services organization, LAJC attorneys receive attorney fees only when awarded them by a court. Moreover, even if the Court awards fees, it remains uncertain whether counsel will be able to collect on such an award, as the defaulting Defendants may have limited assets.

The results obtained in the litigation support Plaintiffs' requested fee award: the Court not only granted Plaintiffs' motion for default judgment but also granted Plaintiffs' Objection to the magistrate judge's Report, awarding Plaintiffs the full amount of damages they sought.

Moreover, the Court's resolution of the legal issue presented in Plaintiffs' Objection will result in future litigants before this Court being awarded their proper overtime damages in future cases.

This was also an undesirable case for the private bar, for several reasons: First, Plaintiffs are low-wage construction workers, with little formal education, and who do not have money to pay litigation costs, much less attorney's fees. Second, there are substantial difficulties inherent in representing clients who, as here, have little formal education and are not fluent in English. Finally, the Subcontractor Defendants never appeared in this case and may be judgment-proof.

Finally, under fee-shifting statutes such as the FLSA, the hourly rate component of the lodestar is determined with reference to the reasonable hourly rates in the legal community where the case is litigated. *See, e.g.*, *Robinson v. Equifax Information Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). Here, Plaintiffs' counsel's rates are reasonable and are comparable to those charged by private counsel in employment-related cases before this court. Sandoval-Moshenberg Decl. at ¶6; Marritz Decl. at ¶9. Plaintiffs' counsel used the following rates in calculating their lodestar:

- **Nicholas Marritz: $340 per hour**
- **Simon Sandoval-Moshenberg: $425 per hour.**

Accordingly, Plaintiffs make the following request for their attorney's fee award:

- **Nicholas Marritz: 6 hours × $340 per hour = $2,040**
- **Simon Sandoval-Moshenberg: 2.9 hours × $425 per hour = $1,232.50**

**TOTAL: $2,040 + $1,232.50 = $3,272.50**

**Conclusion**

Plaintiffs' counsel have audited their records in this matter and believe that the fees requested in this motion were reasonably necessary in the preparation and prosecution of Plaintiff's motion for default judgment. Consequently, Plaintiffs request an award of attorneys' fees of **$3,272.50** and ask that the judgment be amended to include this amount under Rule 59(e).

Respectfully submitted this 20th day of September, 2017,


//s// Nicholas Cooper Marritz
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2017, I served the foregoing Memorandum In Support of Motion for Attorney's Fees on the following unpresented defendants by U.S. Mail at their last known address:

    Capital Commercial Solutions, LLC
    Ixel R. Morales
    Keren Torres
    6300 Lincolnia Road
    Alexandria, VA 22312

By: ____//s//_____
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike #520
Falls Church, Virginia 220401
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org