IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MANUEL RODRIGUEZ *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> CAPITAL COMMERCIAL SOLUTIONS, LLC *et al.*, <br><br> *Defendants* | Case No.: 1:17-cv-112-TSE-JFA |

**Declaration of Nicholas Marritz, Esq.**

1. My name is Nicholas Cooper Marritz (VSB No. 89795). I am over 18 years of age and competent to make this declaration.

2. I am a staff attorney with the Immigrant Advocacy Program at the Legal Aid Justice Center (LAJC). I am a 2011 graduate of the University of Washington School of Law. I have been admitted to practice law in California since June 2012 and in Virginia since December 2015.

3. As a staff attorney with LAJC, a large part of my docket consists of plaintiff-side litigation under the Fair Labor Standards Act in both state and federal court.

4. I am fluent in both English and Spanish and communicate with the Plaintiffs exclusively in Spanish.

5. Prior to joining LAJC, I served as a staff attorney with Farmworker Justice in Washington, D.C., representing low-wage immigrant farmworkers in federal courts across the country, including in the following cases involving the Fair Labor Standards Act:

1

- *Villalobos v. Calandri Sonrise Farms LP*, 2:12-cv-2615 (C.D. Cal.)
- *Smith v. Bulls-Hit Ranch & Farm*, 3:12-cv-449 (M.D. Fla.)
- *Jimenez v. GLK Foods, LLC*, 1:12-cv-209 (E.D. Wis.) and *Ramirez v. GLK Foods, LLC*, 1:12-cv-210 (E.D. Wis.)
- *Ruiz v. Fernandez*, 2:11-cv-3088 (E.D. Wash.) (not counsel of record)

6. Since joining LAJC, I have served as counsel in the following FLSA cases in the Eastern District of Virginia:

    - *Avila Flores v. Rababeh*, Case No. 1:15-cv-1415-TSE-TCB
    - *Rivas v. R&R Catering, LLC*, Case No. 1:16-cv-343-LMB-JFA
    - *Claros v. Sweet Home Improvements, Inc.*, Case No. 1:16-cv-344-AJT-MSN
    - *Espinoza Dubon v. Reliable Assets, Inc.*, Case No. 1:16-1172-AJT-MSN
    - *Brito v. Precision Laminate Workshop, Inc.*, Case No. 1:17-cv-93-LMB-MSN
    - *Sanchez Ramos v. Bawadi, Inc.*, Case No. 1:17-cv-924-LMB-TCB

7. In the *Avila Flores*, *Rivas*, and *Claros* matters, I was awarded attorney's fees under the FLSA. In each case, the court approved a $320 hourly rate for my work.

8. I was first awarded a rate of $320/hr. for my work in the *Avila Flores* matter. Almost two years have passed since that case was filed. For this reason, it is now reasonable to increase the rate.

9. For my work in this case, I am now seeking a rate of $340 per hour. This rate is in keeping with the fee award approved by this Court over two years ago in *MTU Am. Inc. v. Swiftships Shipbuilders LLC*, No. 1:14-cv-733-LMB-TCB, 2015 WL 4139176 at *4 (E.D. Va. July 8, 2015), in which Judge Brinkema approved a $535 standard hourly rate for a sixth-year associate based in Northern Virginia.

10. LAJC is prohibited by our state charter from charging fees to its clients. However, this does not prevent its attorneys from seeking an award of fees under federal fee-shifting statutes, including the FLSA. In any event, under the FLSA and the Fourth Circuit's decision in

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), the actual attorney's fee paid by the client has little relevance.

11. In this case, I am seeking attorney's fees solely for my work on the Objection to the Magistrate Judge's Report and Recommendation (ECF No. 49).

12. I kept track of my work in this case on a contemporaneous basis by entering my time into our proprietary case management software, JusticeServer. On September 17, 2017, I pulled all of my time entries from JusticeServer related to the Objection to the Magistrate Judge's Report and Recommendation. In the exercise of billing judgment, I then reduced various time entries and eliminated others, including (among others):

    - All time spent on the individual consultations I held with all 18 plaintiffs to determine if they wished to object to the Magistrate Judge's Report;
    - All time spent on case-strategy discussion with co-counsel; and
    - All time preparing this attorney's-fee motion and declaration.

    Please note that we are not seeking any fees for the pro bono attorneys from the law firm of Latham & Watkins.

13. Accordingly, I am seeking a fee award of 6 hours, or a little less than a third of the total time I spent on the objection to the Magistrate Judge's Report. 6 hours × $340/hour = **$2,040** for my work as counsel for Plaintiff in this case, pursuant to 29 U.S.C. § 216(b), as follows:

| Date | Description | Adjusted Time |
|---|---|---|
| 8/25/2017 | Drafting objections to Magistrate's Report | 2 |
| 8/24/2017 | Drafting objections to Magistrate's Report | 2.5 |
| 8/21/2017 | Researching and outlining FLSA "regular rate" issue | 1.5 |

3

14. The other *Kimbrell's* factors also support an award of $2,040 in fees for my work on this case:

- While the legal issue raised by the Magistrate Judge's Report was not entirely novel, it has been infrequently litigated and (to my knowledge) had not been squarely addressed previously by this Court or by any federal court of appeals. Accordingly, researching and briefing the issue required skill and familiarity with the FLSA.

- Plaintiffs' counsel suffered an opportunity cost in objecting to the Magistrate Judge's Report, as it took me away from my regular docket of public-interest litigation on behalf of indigent Virginians;

- The results obtained by the objection to the Magistrate Judge's Report do not warrant a reduction in the fee award: the Court sustained Plaintiffs' objection and has awarded them the full amount of damages they sought. Moreover, the Court's resolution of the legal issue presented in the Magistrate Judge's Report will result in future litigants before this Court being awarded their proper overtime damages in future cases;

- The case was undesirable within the legal community because Plaintiffs are low-wage construction workers who do not have money to pay litigation costs, much less attorney's fees. The undesirability of the case, and the degree of difficulty in representing these Plaintiffs, were heightened by the fact that the Plaintiffs speak only Spanish and have little formal education. I am bilingual in Spanish and English, whereas another attorney would have had to hire an interpreter in order to communicate with these clients.

- Finally, the undesirability of the case was heightened by the fact that the defaulting Defendants have never appeared in this case and may be judgment-proof.

15. I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

By: /s/ *(signature)*
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 720-5607
Fax: (703) 778-3454
nicholas@justice4all.org
*Counsel for Plaintiffs*

Date: September 21, 2017